UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA BROWN,<br><br>                     Plaintiff,<br><br>        v.<br><br>THE HERSHEY COMPANY,<br><br>                     Defendant. | NO:  12-CV-0083-TOR<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order (ECF No. 21).  Having reviewed the proposed protective order, the Court will grant the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The parties' Stipulated Motion for Protective Order (ECF No. 102) is **GRANTED**.  The parties shall comply with, and be governed by, the terms of the stipulation as set forth herein:

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 1

Definitions:

a. "Document" means all written, recorded, or graphic matter, however produced or reproduced, and all objects and tangible things, including but not limited to pleadings, documents, electronically-stored data, exhibits, answers to interrogatories, responses to requests for admissions, and deposition transcriptions.

b. "Confidential Document" and "Confidential Information" means any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7). "Confidential Documents" and "Confidential Information" shall include any Protected Data (defined below) and/or non-public product design and testing information or sensitive, confidential, non-public information, consisting either of trade secrets or proprietary or other confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

    d.    "Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection.

    e.    "Party" means any party to this action, its parent, subsidiary, or affiliated entities, if any, and its shareholders, directors, officers, employees, and other agents or representatives.

    f.    "This case", "this litigation", or "this action" means this Eastern District of Washington Court lawsuit, civil case no. 12-CV-00083-TOR, *Laura Brown v. The Hershey Company*.

2.    This Order is intended to govern the production and use of confidential documents and confidential information by any party both during the pendency of this action and subsequently. Any document that is or has been marked or any information designated "CONFIDENTIAL" either by a party or by a non-party to or for any of the parties falls within the scope of this Order.

3.    If any party or non-party wishes the document to come within the

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 3

applicable provisions of this Order, such party or non-party may mark any document produced or designate any information disclosed that reflects trade secrets or other confidential or proprietary business or personal information "CONFIDENTIAL."

4. In the absence of a specific order by this Court or stipulation of the parties, confidential documents or information, once properly designated and/or marked as such, shall be used by the parties solely in connection with this litigation, and not for any other purpose whatsoever, and such designated and/or marked confidential documents and information shall not be disclosed to anyone except as provided in this Order.

5. The following procedures shall be followed if confidential documents or information are discussed or disclosed in a deposition:

    a. A party may designate information discussed or disclosed at a deposition as "CONFIDENTIAL";

    b. The producing party shall have the right to exclude from attendance at the deposition, during such time as the confidential document or information is discussed or disclosed, any person other than the deponent, a party to this litigation (and their counsel), the court reporter, or any videographer (who has not first signed a certificate identical to Exhibit A).

    c. If a request under subparagraph (a) is made on the record

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 4

during the deposition, the court reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" information, and shall list the pages and line numbers of the transcript on which the information in question is contained.

  d. ALTERNATIVELY, a request under subparagraph (a) may be made in writing within thirty (30) days after the requesting counsel or unrepresented party or non-party receives a copy of the transcript of the deposition. The request shall contain a list of the pages and lines of the transcript that are to be designated as containing "CONFIDENTIAL" information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel or unrepresented party or non-party shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties and the court reporter so that the list may be affixed to the face of the transcript and each copy of the transcript.

  6. In the absence of written permission from the disclosing party or an order of the Court, information designated as "CONFIDENTIAL" shall be used by the receiving party solely for the purposes of litigation between the parties hereto,

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 5

and not for any other purpose whatsoever, and may be disclosed only to the following persons:

 a. The attorneys working on this action on behalf of any party, including in-house attorneys, paralegals, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, and individuals or employees of any organization retained to render litigation support services in this lawsuit;

 b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

 c. Any director, officer, or employee of any party who is required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work; and

 d. Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" documents and/or information during his testimony (whether or at trial or in deposition), and may not retain any "CONFIDENTIAL" documents and/or information.

7. Each person permitted to have access to documents marked or information designated as "CONFIDENTIAL" pursuant to terms of this Order (except for those persons identified in Paragraphs 6(a) and 6(c)) prior to being

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 6

afforded such access, shall first read this Order and sign an ACKNOWLEDGEMENT in the form attached hereto as Exhibit A stating that he or she has read and understands its terms and shall abide by them.  A file shall be maintained by the attorneys of record of all signed ACKNOWLEDGEMENTS signed by persons to whom such documents have been given.  In addition, at the time of the termination of this action by settlement, judgment or otherwise, including any and all appeals, upon written request therefore by the attorneys for a party, and without the filing of a motion, the other party shall provide the requesting attorneys with a complete and accurate copy of the aforementioned lists.

8. The persons receiving "CONFIDENTIAL" documents or information are enjoined from disclosing such material to any other person, except in conformance with this Order.

9. Each individual who receives any "CONFIDENTIAL" documents or information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

10. The recipient of any "CONFIDENTIAL" documents or information that are provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is

exercised by the recipient with respect to its own proprietary information.

"CONFIDENTIAL" documents or information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

11. The inadvertent failure by the parties to designate as CONFIDENTIAL or any document or item of confidential or competitively sensitive material shall not constitute or be construed as a waiver of confidentiality as to such documents or materials, or as to any other document or item of confidential material, once designated as CONFIDENTIAL. In addition, the inadvertent disclosure or production of materials protected by the attorney/client privilege, the attorney work product doctrine, or any other privilege will not constitute a waiver of such protection.

12. This Order shall not govern a party's use of its own "CONFIDENTIAL" documents and information.

13. In the event counsel for any party files with or submits to this Court any Confidential Document or Confidential Information, such document or information shall be filed only in a sealed envelope in which a statement

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 8

substantially in the following form shall be endorsed:

> **SEALED DOCUMENTS**
> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential documents.

All such documents so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

14. If testimony, documents or other material or information either designated "CONFIDENTIAL" pursuant to this Order or a previously-entered Order containing such information or derived therefrom is used in any proceeding in this action, it shall not lose its Confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such testimony, material, information or documents during such use.

15. The designation of documents or other specified information as "CONFIDENTIAL" shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge to the designation. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 9

producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court. The burden of proving that the information has been properly designated as "CONFIDENTIAL" is on the party making such designation.

16.   If Confidential Information or Confidential Documents are disclosed to any person other than in the manner and to the persons authorized by this Order, the party responsible for the disclosure must immediately inform the party that made the designation of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

17.   Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or any other form of information (including electronic form), that quote from, paraphrase, copy or disclose Confidential Material with such specificity that the Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

18. Any party may redact from the documents and things it produces matter that the party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

    a. Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order. Protected Data, however, shall not be redacted from discovery materials to the extent it directly relates to or identifies an individual named as a party. Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

    b. Protected Data shall be redacted from any public filing not filed under seal.

    c. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of confidential documents or confidential

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 11

information.  If counsel for the parties agree that discovery material initially redacted shall not be subject to redaction or shall receive alternative treatment, or the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the discovery materials are subsequently produced in unredacted form, then those unredacted discovery materials shall bear the legend, "Unredacted Protected Data – Confidential" and shall continue to receive the protections and treatment afforded to documents bearing the "CONFIDENTIAL" designation.

19.  The terms of this Order shall apply to all manner and means of discovery, including, but not limited to, inspection of books, records, and documents.

20.  This Stipulation and Protective Order shall be effective from the date it is so ordered by the Court.

21.  Upon termination of this litigation, including the exhaustion of all appeals, the originals and all copies of documents marked "CONFIDENTIAL" or previously designated as such from a previously-entered protective order shall be turned over to counsel for the party or nonparty who produced such documents or destroyed within 60 days of the termination of the action.  Destruction shall be at the election of the producing party and confirmed in writing to the receiving party.  Notwithstanding, counsel may retain an archival copy of all pleadings, court filings

1  and orders, deposition transcripts and exhibits, demonstrative exhibits, hearing and
2  trial transcripts, mediation submissions, and related documents.  The archival
3  copies may be in hard copy, electronic, magnetic, optical disk, or other form, or
4  any combination thereof.

5    22.    The termination of proceedings in this action shall not thereafter
6  relieve the parties from the obligation of maintaining the confidentiality of all
7  material designated as "CONFIDENTIAL" which is received pursuant to this
8  Order; provided, however, that this paragraph shall not apply to any material which
9  is or becomes publicly available.

10    23.    The entry of this Order shall not be construed as an agreement by any
11  party to produce any documents or to supply any information and shall not
12  constitute an admission that any such documents that may exist are relevant or
13  material in any way to the issues raised in the pending action or admissible in such
14  action, nor as a waiver of any privilege with respect thereto.

15    24.    This Order shall be without prejudice to the right of the parties to
16  request additional protection under Fed. R. Civ. P. 26(c) or to otherwise amend,
17  modify, or supplement this Order or any amendments hereto.

18    25.    By stipulation, this Order is binding on the parties and their counsel
19  upon counsel's signature below without the need for approval by the Court.

20    26.    This Order shall survive the final conclusion of the action, and this

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 13

court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A.

27. The attorneys of record for the parties are in accord with the above terms of this Order as acknowledged by their signatures, and have requested the Court to enter this Order.

**DATED** this 1st day of November, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 14